**Hipolito Nelson HERNANDEZ,
Appellant**

v.

**DEPT. OF HOMELAND SECURI-
TY/IMMIGRATION AND CUSTOMS
ENFORCEMENT DHC/ICE.**

No. 06–1982.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Dismissal Under
28 U.S.C. § 1915(e)(2)(B) Aug. 31,
2006.

Filed Sept. 19, 2006.

Hipolito Nelson Hernandez, Fort Dix,
NJ, pro se.

Dorothy J. Donnelly, Office of United
States Attorney, Trenton, NJ, for Dept. of
Homeland Security/Immigration and Cus-
toms Enforcement DHC/ICE.

Before SLOVITER, McKEE and
FISHER, Circuit Judges.

OPINION

PER CURIAM.

Hipolito Nelson Hernandez appeals from
an order of the United States District
Court for the District of New Jersey,
granting the Government's motion to dis-
miss his petition for a writ of mandamus.
We agree with the District Court, and will
dismiss Hernandez' appeal for failure to
state a claim, pursuant to 28 U.S.C.
§ 1915(e).

The District Court had jurisdiction pur-
suant to 28 U.S.C. § 1361, which gives
district courts authority to compel an offi-
cer or employee of the United States or
any agency to perform a duty owed to the
plaintiff. We have appellate jurisdiction
pursuant to 28 U.S.C. § 1291. We review
a court's mandamus decision for abuse of
discretion, but we review non-discretionary
elements *de novo.* *Stehney v. Perry,* 101
F.3d 925, 929 (3d Cir.1996). We note that
"Mandamus is an extraordinary remedy
that can only be granted where a legal
duty 'is positively commanded and so
plainly prescribed as to be free from
doubt.' " *Appalachian States Low–Level
Radioactive Waste Com'n v. O'Leary,* 93
F.3d 103, 112 (3d Cir.1996) (quoting *Har-
mon Cove Condominium Ass'n, Inc. v.
Marsh,* 815 F.2d 949, 951 (3d Cir.1987)).

Hernandez is serving a prison sentence
at the Federal Correctional Institution at

Fort Dix, New Jersey, for a drug conviction. The Immigration and Naturalization Service (which has been succeeded by the Bureau of Immigration and Customs Enforcement) lodged a detainer against him, on the grounds that his drug conviction is an "aggravated felony" that renders him subject to removal from the country. Hernandez asked the Department of Homeland Security ("Department") to find that he was not a removable alien, and to lift the detainer, but the Department refused.

Hernandez then filed a petition for a writ of mandamus, seeking to have the detainer lifted based on the Supreme Court's decision in *Leocal v. Ashcroft*, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), which held that an alien's conviction for driving under the influence was not a "crime of violence" and was therefore not an aggravated felony. Hernandez argues that his crime was not a crime of violence, either. However, *Leocal* involved a different section of the definition of "aggravated felony," namely, 8 U.S.C. § 1101(a)(43)(F). As the District Court pointed out, Hernandez' drug conviction would fall under 8 U.S.C. § 1101(a)(43)(B), which does not require the crime to be one involving violence. Thus, his argument that the detainer should be lifted is without merit.

We further agree, for the reasons stated by the District Court, that any collateral consequences flowing from the detainer did not warrant mandamus relief. The appeal will be dismissed.